IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| J.R.B., | : |
|       Petitioner, | : |
| v. | :   Case No. 4:24-cv-185-CDL-AGH |
| | :          28 U.S.C. § 2241 |
| Warden, STEWART DETENTION CENTER, | : |
|       Respondent. | : |

## ORDER

Pending before the Court is Respondent's motion to dismiss (ECF No. 9). According to Respondent, Petitioner—who is a Venezuelan citizen—was removed to El Salvador on March 15, 2025, pursuant to an expedited removal order. Resp't's Mot. to Dismiss 2-3, ECF No. 9. Respondent asserts the removal was authorized by 8 U.S.C. § 1231(b)(2), which allows removal of aliens to third countries in certain circumstances. Resp't's Mot. to Dismiss 3. Respondent contends that Petitioner is no longer in the custody of United States Immigration and Customs Enforcement ("ICE") or Enforcement and Removal Operations ("ERO") and that his removal from the country renders his petition moot. *Id.*

However, the declaration of ERO Deputy Assistant Director John Schultz that was submitted by Respondent in support of his motion to dismiss does not show that

Petitioner was removed to El Salvador on March 15, 2025.[1]  *See* Schultz Decl., Apr. 30, 2025, ECF No. 9-1.  Nor could it—Schultz digitally signed the declaration on January 31, 2025.  *Id.* at 4.  Instead, the declaration shows that in January 2025, the United States agreed in principle to "a new Asylum Cooperation Agreement" with an unnamed Latin American country and that Petitioner—one of "four final order Venezuelans"—may be transferred to the unnamed Latin American country pursuant to that agreement.  *Id.* at 3.  Thus, at the time that the declaration was digitally signed, Petitioner had not been removed to El Salvador.  The assertions in this declaration stand in contrast to Schultz's declaration signed on February 14, 2025, which states that ICE expected Petitioner to be manifested on a flight to Venezuela because he had been transferred to the facility from which removals were to take place and additional flights to Venezuela were imminent.  Schultz Decl. 3, Feb. 14, 2025, ECF No. 6-5.  Consequently, there are competing and conflicting affidavits before the Court, and no evidence that Petitioner has been properly removed from the United States.

Because of the unique and complex jurisdictional issues, the Court finds appointment of counsel for Petitioner is necessary.  Therefore, pursuant to its inherent authority to do so, the Court appoints Stephanie Alvarez-Jones as *pro bono* counsel for Petitioner.  In light of this appointment, the Court orders that Petitioner shall have through and including June 19, 2025, to file a response to Respondent's

---

[1] In addition to the Schultz declaration, Respondent cites to a declaration from Assistant Field Office Director Hector Flores in support of his motion to dismiss, but the Flores declaration is not currently in the record.  *See* Resp't's Mot. to Dismiss 1.

motion to dismiss (ECF No. 9).  Further, Petitioner shall have through and including June 19, 2025, to file an amended petition.  Additionally, the Court concludes that a period of discovery is appropriate to address the jurisdictional issues.  Therefore, the parties are ordered to confer and present to the Court within fourteen (14) days a scheduling order addressing the following:

    1) the scope and timeframe of discovery;

    2) a briefing schedule, including any modifications to the response/amendment deadlines set forth above, and the filing of reply briefs;

    3) whether an evidentiary hearing is necessary; and

    4) any other matters the parties deem pertinent.

Any disagreement by the parties should be outlined in the submitted order so the Court can resolve them.

    **SO ORDERED**, this 20th day of May, 2025.

                                       s/ *Amelia G. Helmick*
                                       UNITED STATES MAGISTRATE JUDGE