**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

J.R.B.,                                          :
                                                 :
        Petitioner,                      :
                                                 :
v.                                               :    Case No. 4:24-cv-185-CDL-AGH
                                                 :        28 U.S.C. § 2241
Warden, STEWART DETENTION                        :
CENTER,                                          :
                                                 :
        Respondent.                      :

---

**ORDER**

Pending before the Court are Respondent's motion to dismiss (ECF No. 9) and the parties' proposed scheduling order (ECF Nos. 15, 16).[1] Because the Court concludes that jurisdictional discovery is necessary and appropriate, and it sets a briefing schedule which requires Petitioner to file an amended petition and Respondent to file a renewed motion to dismiss the amended petition, the Court defers ruling on Respondent's currently pending motion to dismiss. Further, as discussed below, the Court adopts, in part, Respondent's suggested expedited jurisdictional discovery.

**PROCEDURAL BACKGROUND**

The Court received Petitioner's *pro se* petition for a writ of habeas corpus on December 17, 2024 (ECF No. 1). At the time Petitioner—a Venezuelan citizen—filed

---

[1] On June 3, 2025, the Court's CM/ECF had significant technical issues which resulted in the parties individually submitting separate but identical responses (ECF Nos. 15, 16) to the Court's Order directing the parties to confer and present a scheduling order (ECF No. 11).

his petition, he was detained at Stewart Detention Center ("SDC") in Lumpkin,
Georgia, which is within the jurisdiction of the Court.  Pet. 1, ECF No. 1; *see* 28 U.S.C.
§ 90(b)(3) (providing that Stewart County, Georgia lies within the Columbus Division
of the United States District Court for the Middle District of Georgia).  Petitioner
identified the Warden of Stewart Detention Center as the sole respondent, and his
requested relief was release from detention.  Pet. 1, 8.  On April 30, 2025, the Warden
moved to dismiss the petition, contending that Petitioner was removed to El Salvador
on March 15, 2025, and therefore, his petition was moot.  Resp't's Mot. to Dismiss 3,
ECF No. 9.   The Court appointed *pro bono* counsel for Petitioner because the
declaration submitted in support of Respondent's motion to dismiss conflicted with a
declaration previously submitted in this case and because of the "unique and complex
jurisdictional issues" involved.  Order 1-2, May 20, 2025, ECF No. 11.  Further, the
Court indicated its conclusion that a period of discovery was appropriate to address
the jurisdictional issues.  *Id.* at 3.

On June 3, 2025, the parties filed their response to the Court's Order directing
the parties to confer and present a scheduling order.  Resp't's Resp., ECF No. 15;
Pet'r's Resp., ECF No. 16.  Petitioner contends that he remains in Respondent's
constructive custody because he is being detained at Centro de Confinamiento del
Terrorismo, The Terrorism Confinement Center ("CECOT") in Tecoluca, El Salvador.
Pet'r's Resp. 2.  Petitioner intends to seek discovery related to his detention and
transfer(s) on or after March 19, 2024.  *Id.*  In contrast, Respondent argues that the
Court should not order jurisdictional discovery based on the Court's lack of

jurisdiction because (1) the Immigration and Naturalization Act ("INA") precludes federal review in three ways, and (2) Petitioner is no longer in the custody of Respondent based on his removal to CECOT in El Salvador.  Resp't's Resp. 3-4. However, Respondent proposes that, if the Court concludes that discovery is warranted, the Court "should only order the government to submit, under seal, materials relating to the diplomatic arrangements with El Salvador, which have been submitted in the *J.G.G.* litigation in the" United States District Court for the District of Columbia because petitioners there "have raised similar claims regarding constructive custody in El Salvador."[2]  *Id.* at 4.  The parties also note that they have reached an agreement in principle for Respondent to produce portions of Petitioner's A-file.  Resp't's Resp. 6; Pet'r's Resp. 6.

## DISCUSSION

As noted, there is a currently pending motion before the Court: Respondent's motion to dismiss.  Before addressing Respondent's motion to dismiss, however, the Court must first decide whether jurisdictional discovery is necessary and appropriate. Respondent contends that it is not for two reasons.  First, Respondent claims the INA precludes review for three separate reasons: (1) "Congress eliminated subject matter jurisdiction to review 'questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from action taken . . . to remove an alien from the United States[,]'" Resp't's Resp. 3 (quoting 8 U.S.C. § 1252(b)(9)); (2) the Court "lacks subject matter jurisdiction over 'any cause or claim

---

[2] "*J.G.G.*" refers to *J.G.G. v. Trump*, No. 1:25-cv-766-JEB (D.D.C.)

by or on behalf of any alien arising from the decision or action . . . to . . . execute removal orders[,]'" *Id.* (quoting 8 U.S.C. § 1252(g)); and (3) the provision governing removal operations shall not "be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States[,]" *Id.* (quoting 8 U.S.C. § 1231(h)).  Second, Respondent contends that the Court lacks jurisdiction because Petitioner is no longer in custody of Respondent as Petitioner has been "released from" the custody of the United States based on his removal to El Salvador.  Resp't's Resp. 3-4.

Because the Court concludes that the INA does not bar judicial review of Petitioner's claims and because the issue of custody requires discovery, the Court defers making a recommendation on Respondent's motion to dismiss pending completion of discovery as provided herein.  In making this determination, the Court notes that the respondents in *E.D.Q.C. v. Warden*, No. 4:25-cv-50 (M.D. Ga.) ("*E.D.Q.C.*"), made identical arguments regarding the lack of need for discovery, which the Court rejected in an order issued on June 3, 2025.  *See E.D.Q.C.* Resp'ts' Opp'n to Pet'r's Mot. for Expedited Disc. 6-11, ECF No. 32; *E.D.Q.C.* Order 4-13, June 3, 2025, ECF No. 36.[3]  The Court adopts the rationale of *E.D.Q.C.* and finds that the INA does not bar jurisdictional review of Petitioner's claims and that the issue of

---

[3] In *E.D.Q.C.,* the Court cited to the case of *J.G.G. v. Trump*, No. 25-766 (JEB), -- F. Supp. 3d --, 2025 WL 1349496 (D.D.C. May 8, 2025), when discussing constructive custody.  *E.D.Q.C.* Order 8-9.  On June 4, 2025, the court in *J.G.G.* found that the plaintiffs failed to show constructive custody.  *J.G.G. v. Trump*, No. 25-766 (JEB), -- F. Supp. 3d --, 2025 WL 1577811, at *8-13 (D.D.C. June 4, 2025).  However, that court had before it evidence which is not currently in the record before this Court.

custody requires jurisdictional discovery.[4]   Having made that determination, the
Court addresses the scope of jurisdictional discovery and the timeline for that
discovery and additional briefing.

> A.      Scope of Discovery

"A habeas petitioner, unlike the usual civil litigant in federal court, is not
entitled to discovery as a matter of ordinary course." *Bracy v. Graml*ey, 520 U.S. 899,
904 (1997).   However, "[a] judge may, for good cause, authorize a party to conduct
discovery under the Federal Rules of Civil Procedure" in a habeas proceeding.   Rule
6(a), Rules Governing Section 2254 Cases.[5]   If discovery is warranted, "Rule 6(a)
makes it clear that the scope and extent of such discovery is a matter confided to the
discretion of the District Court." *Bracy*, 520 U.S. at 909.

The parties agreed that Respondent will produce the portion of Petitioner's A-
file that Respondent is authorized to produce and that is not privileged.   Respondent
also proposed filing under seal "materials relating to the diplomatic arrangements
with El Salvador, which have been submitted in the *J.G.G.* litigation[.]"   Resp't's
Resp. 4.   The Court finds that these are appropriate for limited jurisdictional
discovery at this time.   If, after receiving those documents, Petitioner believes that

---

[4] Respondent's declaration submitted in support of the motion to dismiss does not show that Petitioner
has been removed.   Schultz Decl., ECF No. 9-1.   Instead, that declaration shows that there was an
agreement in principle with a Latin American country regarding a new Asylum Cooperation
Agreement that explicitly involved Petitioner. *Id.* ¶ 8.   Respondent indicated his intention to withdraw
that sworn declaration, but that has not occurred.   Resp't's Resp. 4 n.3.   As of the filing of this Order,
the Court has no evidence before it specifically showing where Petitioner is currently detained.

[5] The Rules Governing § 2254 Cases in the United States District Courts are applicable to petitions
brought under 28 U.S.C. § 2241. *Annamalai v. Warden*, 760 F. App'x 843, 849-50 (11th Cir. 2019)
(citing Rule 1(b), Rules Governing Section 2254 Cases).

additional discovery is necessary, he should submit a motion for additional jurisdictional discovery as outlined below.

B.  Briefing and Discovery Schedule

Petitioner shall file an amended petition by **June 20, 2025**.  Respondent shall produce to Petitioner his A-file by **July 7, 2025**, at the latest.  Respondent shall also file under seal those materials relating to arrangements with El Salvador previously identified above by **July 7, 2025**, at the latest.  Additionally, Respondent shall file a renewed motion to dismiss the amended petition by **July 7, 2025**.  Petitioner shall either file his opposition to the renewed motion to dismiss or a motion for additional jurisdictional discovery by **July 14, 2025**.  If Petitioner files a motion for additional jurisdictional discovery, he shall file the discovery requests to be propounded on Respondent as attachments to his motion for additional jurisdictional discovery.  Respondent shall either file a reply in support of the renewed motion to dismiss the amended petition or opposition to Petitioner's motion for additional jurisdictional discovery by **July 21, 2025**.  Should Petitioner file a motion for additional jurisdictional discovery, the Court will stay any pending deadlines on the motion to dismiss and will expeditiously review and resolve Petitioner's motion for additional jurisdictional discovery.

**CONCLUSION**

For the reasons explained above, the Court finds that limited jurisdictional discovery is necessary.  Discovery shall proceed on the schedule and within the limits articulated in this Order.  The Court defers ruling on Respondent's motion to dismiss

(ECF No. 9) until completion of discovery.

**SO ORDERED**, this 6th day of June, 2025.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE